**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 09-4148**

———————

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

ROBERT HICKMAN,

        Defendant – Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Florence. Terry L. Wooten, District Judge. (4:08-cr-00507-TLW-1)

———————

Submitted: November 5, 2009     Decided: December 28, 2009

———————

Before MOTZ, DUNCAN, and AGEE, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

James T. McBratney, Jr., MCBRATNEY LAW FIRM, P.A., Florence, South Carolina, for Appellant. W. Walter Wilkins, United States Attorney, Carrie A. Fisher, Assistant United States Attorney, Florence, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Hickman pled guilty pursuant to a plea agreement to one count of being a felon in possession of ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), (e) (2006). He was found to be an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), and U.S. Sentencing Guidelines Manual § 4B1.4 (2007), and was sentenced to 185 months' imprisonment. Hickman appeals, arguing that the district court erred in concluding that his prior South Carolina convictions for burglary in the third degree and failure to stop for a blue light qualified as predicate offenses warranting application of the enhanced penalty of the ACCA. Finding no error, we affirm.

In determining whether the district court properly sentenced Hickman as an armed career criminal, we review its factual findings for clear error and its legal conclusions de novo. E.g., United States v. Wardrick, 350 F.3d 446, 451 (4th Cir. 2003). A defendant is subject to the enhanced penalty of the ACCA when he violates 18 U.S.C. § 922(g)(1) and has three prior convictions for violent felonies or serious drug offenses. 18 U.S.C. § 924(e)(1). A violent felony is one that "has as an element the use, attempted use, or threatened use of physical force against the person of another," "is burglary, arson, or extortion, involves use of explosives, or otherwise involves

2

conduct that presents a serious potential risk of physical injury to another." Id. § 924(e)(2)(B)(i)-(ii).

To determine whether a state offense falls within the definition of a violent felony, we employ a categorical approach that "takes into account only the definition of the offense and the fact of conviction." United States v. Pierce, 278 F.3d 282, 286 (4th Cir. 2002). The particular label or categorization under state law is not controlling. See Taylor v. United States, 495 U.S. 575, 590-91 (1990). For purposes of the ACCA, "a person has been convicted of burglary . . . if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." Id. at 599 (emphasis added). While a court normally may look only to the fact of the conviction and the statutory definition, because some states broadly define burglary to include places other than buildings, the categorical approach "may permit the sentencing court to go beyond the mere fact of conviction." Id. at 602; see Shepard v. United States, 544 U.S. 13, 16-17 (2005). A state offense will constitute burglary if the jury was required "to find all the elements of generic burglary in order to convict the defendant," and "the indictment or information and jury instructions show that the defendant was charged only with a burglary of a building," so

3

"the jury necessarily had to find an entry of a building to convict." Taylor, 495 U.S. at 602.

Under South Carolina law, "[a] person is guilty of burglary in the third degree if the person enters a building without consent and with intent to commit a crime therein." S.C. Code Ann. § 16-11-313(A) (2003). For purposes of the statute, a building means "any structure, vehicle, watercraft, or aircraft . . . [w]here any person lodges or lives . . . people assemble . . . or where goods are stored." S.C. Code Ann. § 16-11-310(1)(a)-(b) (2003). South Carolina defines burglary in the third degree more broadly than the generic definition. Therefore, we must determine whether the jury would have been required to find Hickman guilty of generic burglary in order to convict him.

A district court may rely on a prepared presentence investigation report ("PSR") to determine whether a prior crime qualifies as a predicate offense under the ACCA. See United States v. Thompson, 421 F.3d 278, 285 (4th Cir. 2005). The PSR prepared for Hickman's sentencing reveals that his conviction for burglary in the third degree involved his entry into a building. Therefore, this offense constituted generic burglary for purposes of the ACCA. Despite Hickman's argument that Begay

4

v. United States, 128 S. Ct. 1581 (2008),[1] and its progeny require a different analysis to determine whether a prior crime qualifies as a violent felony, the Supreme Court made clear in Begay that § 924(e)(2)(B)(ii) still "covers a felony that is one of the example crimes" specifically enumerated in the statute. Id. at 1586. Because Hickman concedes that he has two other prior convictions that qualify as predicate offenses under the ACCA, we conclude that the district court did not err in applying the enhancement.[2]

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[1] Begay held that, under the "residual clause" of § 924(e)(2)(B)(ii), a predicate offense must be similar to one of the four enumerated violent felonies, not only in degree of risk posed, but in kind--it must be "purposeful, violent, and aggressive conduct." 128 S. Ct. at 1585-86.

[2] In light of our determination that Hickman's conviction for burglary in the third degree constituted a third predicate offense under the ACCA, we need not evaluate whether Hickman's conviction for failure to stop for a blue light also qualified as a predicate offense.